The opinion of the court was delivered by
Manning, C. J.
On January 14,1867, John Pickett sold two hundred' and seven acres of land to Pierce M. Butler and Andrew P. Butler for ten thousand three hundred and seventy-five dollars payable in gold coin, one fourth of which was paid cash, and for the residue three notes-of equal sums were given, payable in one, two, and three years from date, with interest. The payment of these notes was secured by the vendor’s lien, and by a special mortgage which was recorded in the proper book January 17th. 1867.
One-of these notes was subsequently acquired by M’Calla, another by Preston, and the third by J. B. Pickett. M’Calla sued on his note,, and obtained judgment against the Butlers, with recognition of the mortgage on March 27, 1868. Afterwards Pierce Butler conveyed his *1239 undivided half of the land to the holders of the notes in payment of his part of the unpaid purchase price. Andrew Butler went into bankruptcy, and his interest in the land was sold by Norton, assignee, to Haynes in June 1870 for six hundred dollars.
On January 7,1874 the three holders of the notes then brought suit against Haynes to resolve the sale, and judgment was rendered in their favour in April, 1876. The pleadings were changed during the trial, but we omit the detail of that case, because it is accessible to the profession. Vide Pickett v. Haynes, 28 Annual, 844, from which it will be seen that this Court affirmed the judgment of - the District court in July 1876, and on a writ of error to the Supreme Court of the United States, this court’s judgment was affirmed March 13 1877. The judgment thus affirmed was that Haynes" “ shall pay to said plaintiff within six months from the date of this judgment the sum of three thousand eight hundred and ninety dollars and ninety cents in gold coin of the United States, and eight per centum per annum interest thereon from the 14th. of January 1867, and all costs of suit, and in default of such payment by said defendant Haynes, it is further ordered that he shall surrender to be sold for satisfaction of plaintiff’s mortgage the undivided one half interest in the tract of land described in plaintiff’s petition as the whole of (here follows the description.) It is farther ordered, adjudged, and decreed that plaintiffs’ special mortgage and vendor’s privilege upon this tract of land be recognized, foreclosed, and enforced for the amount of this judgment, if said sum of money be not paid to plaintiffs by Haynes the defendant within six months from this date.” The date is April 1,1876. The appeal of Haynes was suspensive.
The mandate of the Supreme Court of the United States, remanding the case for execution to the State tribunals, bears date June 25,1877. The certified copy thereof issued from this court, with copy of its judgment, August 1,1877, and on the seventh of that month, an execution issued from the District Court of Bossier to enforce it.
Meanwhile the mortgage had perempted. Ten years from its inscription had expired the previous January, i. e. on Jany. 17,1877.
The writ of fieri facias having gone into the sheriff’s hands, Haynes injoined its execution upon the ground that he had bought the M’Calla judgment, and that the mortgage had perempted, in consequence of which the other plaintiffs in the suit against him had lost their mortgage upon the land. That is the present suit, and the writ of injunction bearing date September 26,1877.
The answer specially denies Haynes’ purchase or ownership of the M’Calla judgment, and it turned out that he did not own it, and pleads the judgment in Pickett v. Haynes, which we here quoted at length, as res adjuclicata. In further defence it is pleaded that if the mortgage of *1240 January 1867, which, was recognized by the judgment of April 1876, had perempted in January 1877, which is'denied, that such peremption does not affect the judgment of 1876, upon which the ft. fa. that is injoined, issued. When this answer was filed does not appear, the clerk having failed to copy in the transcript the filing of any of the papers.
The case was tried at the March term 1878. On the 28th. of that month the plaintiff pleaded prescription to the M’Calla judgment. Ten years had expired on the day before, viz March 27th. and it had never been revived. The plaintiff had based his injunction partly on his alleged ownership of this judgment, and on proof that his claim to it was without foundation, then attacked it with the plea of prescription.
Thus it will be seen that the plaintiff’s right to arrest the sale is based upon the alleged peremption of the mortgage, and the alleged prescription of the judgment upon a part of the mortgage debt. The defendant argues that the mortgage did not perempt — that as to Haynes, no reinscription was necessary because he had prevented its foreclosure by contesting the suit of the holders of the mortgage notes having that foreclosure for its object — -that he had appealed suspensively from the j udgment, ordering the foreclosure, and the time had meanwhile expired —-that the prescription of the M’Oalla judgment had been acquired pendente lite, and was completed and pleaded on the eve of the trial of this injunction suit, the judgment in which was signed March 30,1878.
These are interesting questions, but they are not vital to this cause. Whatever may have been the rights lost by this lapse of time, the parties here are concluded by a judgment rendered between them in June 1876, whereby Haynes was decreed to pay the plaintiffs in that suit (defendants in this) a specified sum of money, with the faculty of relieving himself of that obligation by delivering up a specified thing. That this judgment was personal as to him — that it bound him by its terms to that payment — and that it could be discharged only by payment, or by surrendering the land, is very clearly expressed.
It must be observed that we are not concerned with the regularity of the pleadings in that cause, nor the rightfulness of that judgment. Its sanction by three courts leaves nothing for us to do but to examine its terms, and ascertain what the present plaintiff is condemned to do. There are no third parties whose rights are even remotely affected by the failure to reinscribe the mortgage, or to revive the judgment. In a legal contest between the only parties who pretend to have any interest in, or rights upon the land, which contest was an attempt to enforce those rights on the one part, which was resisted on the other part, an adjudication was had resulting in a judgment, which is binding on both, and that is the judgment, the execution of which has been delayed and prevented by this plaintiff’s injunction. Grant that the mortgage of Janu *1241 ary 1867 has perempted. The judgment of June 1876 has not been satisfied.. Grant that the M’Calla judgment has not been revived. The judgment of these defendants is still in force.
Prescription was pleaded in this court to the mortgage notes. They had been merged in the judgment. The judgment injoined by this proceeding is the one in which they are merged. The plea is not good.
The plaintiff’s prolonged efforts to get rid of the mortgage which secured the purchase price of the land are all abortive. Legally, his pretensions are unsupported. Equitably, he presents no claim worthy of consideration. The .judgment of the lower Court dissolved the injunction with damages.
The judgment is affirmed.
Rehearing refused.